UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRI COLLORA, ) <br> SALLY KLIPSCH, and PAUL ) <br> MUELLER, Individually and on ) <br> Behalf of All Others Similarly Situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> R.J. REYNOLDS TOBACCO ) <br> COMPANY and R.J. REYNOLDS ) <br> TOBACCO HOLDINGS, INC. ) <br> ) <br>     Defendants. ) | Case No. 4:05CV1542 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [#5]. Defendants have responded to the motion, and the issues have been fully briefed. For the reasons set forth below, plaintiffs' motion is granted.

### Facts and Background

Over the past 50 years, the Federal Trade Commission ("FTC") has been concerned about the validity of claims made in cigarette advertising. In the mid-1950s, the Commission published guides for manufacturers advising them to make no representations about tar and nicotine content that couldn't be supported by scientific evidence. In the late 1960s, the FTC adopted a testing method known as the Cambridge Filter method which provides an objective basis for assessing the amount

of tar and nicotine delivered by cigarettes when smoked the same way.  Naturally, the test does not measure the specific amount any individual smoker will ingest, since the quantity of tar and nicotine a person takes in varies depending on smoking behavior. The FTC discontinued its in-house cigarette testing in 1987 but now requires cigarette manufacturers to report the results of their own Cambridge Filter Method tests.  The Commission has also utilized its authority to prohibit what it deems deceptive advertising regarding the marketing of "low tar" and "light" cigarettes.  *In re The American Tobacco Co.,* 119 F.T.C. 3 (1995).

Plaintiffs originally filed this action in Missouri Circuit Court in the City of St. Louis, on March 17, 2000, alleging defendants marketed their cigarettes as "Lights" or lower in tar than regular brands and that such representation was deceptive and in violation of the Missouri Merchandising Practices Act ("MMPA").  Plaintiffs sought damages for themselves and others similarly situated for defendants' alleged violation of the MMPA.

Defendants first removed this action on January 14, 2004, and based their removal on the "order or other paper" provision of 28 U.S.C. § 1446(b).  Defendants relied on *Watson v. Philip Morris Companies, Inc.,* No. 4:03-CV-519, 2003 WL 23272484 (E.D. Ark. Dec. 12, 2003) ("*Watson I*"), wherein a district court in the Eastern District of Arkansas issued an order finding that a similar action, involving cigarette company Philip Morris, was subject to federal jurisdiction under the "federal

officer" removal statute, 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) authorizes the removal of an action commenced in state court against a federal officer or agency or a person acting under the direction of such officer or agency. Defendants claimed the actions for which they were being sued were directed by the FTC and that *Watson I* was an "order or other paper" under 28 U.S.C. § 1446(b) that made the instant case removable to federal court. Plaintiffs argued that removal was improper and moved this Court to remand this cause of action to Missouri Circuit Court.

In a Memorandum and Order dated September 30, 2004, this Court found in favor of Plaintiffs on their motion to remand and remanded the case to state court. This Court concluded that it was not required to follow the *Watson I* decision, and held that Defendant's removal was improper under 28 U.S.C. §1442(a)(1), because Defendants had not established that they were acting under the direction of the FTC.

On September 23, 2005, Defendants again removed the action and based their removal on the "order or other paper" provision of § 1446(b). In their Notice of Removal, Defendants base their removal on the receipt, on August 25, 2005, of *Watson. v. Phillip Morris Companies, Inc.,* 420 F.3d 852 (8th Cir. 2005) ("*Watson II*"), which Defendants claim qualifies as an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In *Watson II,* the Eighth Circuit Court of Appeals affirmed *Watson I,* holding that lawsuits like this one, which challenge the tar and nicotine yields used by

- 3 -

Reynolds to advertise and promote "lights" cigarettes, are properly removed to federal court under the "federal officer" removal statute, 28 U.S.C. § 1442(a). Plaintiffs now move for remand, arguing that Defendant's removal of this cause of action was once again improper. Defendants contend the *Watson II* decision is an "order or other paper" which alters the controlling law in the Eighth Circuit with respect to the removability of "lights" cigarette class action suits, and provides defendants with a basis for removal that was not ascertainable before August 25, 2005.

## **Discussion**

On a motion to remand, the party seeking removal and opposing remand bears the burden of establishing the court's jurisdiction. *In re Business Men's Assur. Co. of America,* 992 F. 2d 181, 183 (8th Cir. 1993) (*citing Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 n.13 (8th Cir. 1978)). District Courts are required to resolve all doubts about federal jurisdiction in favor of remand. *Id.* (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3rd Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988)). Thus, in this case, defendants must demonstrate that removal is proper.

The Eighth Circuit's holding in *Watson II* is clear, instructive, and binding. There is no question that this Court has jurisdiction over the claims asserted in this matter, pursuant to the "federal officer" removal statute, 28 U.S.C. § 1442(a). *Watson II* has, by implication, overruled this Court's earlier ruling regarding the federal officer removal statute. Remand of the earlier action, however, was still proper, because

Defendants' removal was not timely. Thus, if Defendants had timely removed the action under § 1446(b), the suit would have been properly before a federal district court. In the instant action, the untimeliness of Defendants' removal has not changed. The fact that the Eighth Circuit has affixed its *imprimatur* on the theory that lawsuits such as this one involve a federal question, does not resolve the issue of Defendants' untimely removal.[1]

Defendants observe that six district court cases within the Eighth Circuit involving "light" cigarettes were removed from state court to federal court pursuant to Section 1446(b). These cases were pending in two different courts and before three different district court judges. *See Dahl v. R.J. Reynolds Tobacco Co.,* No. 05-CV-02207-JMR-FLN (D. Minn.); *Curtis v. Altria Group, Inc.*, No. 05-CV-02231-JMR-FLN (D. Minn.); *Thompson v. R.J. Reynolds Tobacco Co.*, NO. 05-CV-02232-JMR-FLN (D. Minn.); *Craft v. Phillip Morris Cos.*, No. 04:05CV01531ERW (E.D. Mo.); *Collora v. R.J. Reynolds Tobacco Co.*, No. 4:05CV1542HEA (E.D. Mo.); and *Black v. Brown & Williamson Tobacco Corp.*, No. 4:05CV01544ERW (E.D. Mo.). There exists, however, a difference of opinion among the district court judges in these cases.

---

[1] In the earlier action, this Court did not address the timing of Defendants' removal, because its initial jurisdictional determination regarding the applicability of the "federal officer" removal statute, albeit incorrect under *Watson II*, did not require the court to reach the issue of timeliness.

With the exception of this case, the cases in the Eastern District of Missouri, *Craft* and *Black,* were decided by the Honorable E. Richard Webber. Judge Webber held that the defendants' removal was not timely because (1) the basis of removal was ascertainable more than 30 days prior to defendants' actual removal and (2) *Watson II* is not an "order or other paper" under § 1446(b). This Court concurs with Judge Webber regarding the issue of timeliness, however, it need not address whether *Watson II* is an "order or other paper" under § 1446(b), because it concludes that this action was removable *ab initio*.

> Section 1442(b) provides as follows:
>
> The notice of removal in a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Pursuant to § 1446(b), removal of this action was available to Defendants within 30 days of their receipt of a copy of the initial pleading, which was filed in March,

2000. But Defendants did not remove the action until January, 2004, and then again in September, 2005, and both dates were well outside the allowable time-frame for removal under the statute. It is the first paragraph of § 1446(b) which governs the timeliness of the removal in this case, since a defendant need not turn to the procedural direction of the second paragraph unless "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b).

Defendants argue federal officer removal jurisdiction was not "first" "ascertained" until *Watson I* and then again when *Watson II* was decided, claiming the second paragraph of § 1446(b) is applicable, since a notice of removal may be filed within thirty days after receipt of an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." Yet, the Court does not reach the tenet of § 1446(b)'s second paragraph, because the case stated by the initial pleading was removable at the time of its filing. Indeed, Defendants cannot take the position that their basis for removal was only ascertainable after the Arkansas district court decided *Watson I* and then again after the Eighth Circuit decided *Watson II*. It is axiomatic that Defendants cannot "first ascertain" one thing and then "first ascertain" the exact same thing 20 months later based on the exact same reasoning. Likewise, it cannot be said that the basis for removal was not "ascertainable" when other cases involving "light" cigarettes were removed from state court to federal court under the federal officer removal statute, § 1442(a)(1). *See Tremblay v. Philip Morris,*

*Inc.,* 231 F. Supp.2d 411 (D.N.H. 2002). This implies that Defendants have not been mindful of the goings on in other cases having the same or similar legal and factual issues, the outcome of which directly effect the tobacco industry.

This case was filed in state court five years prior to Defendants' most recent removal, and since then, there have been no new facts alleged with regard to federal jurisdiction. Indeed, Defendants' true basis for removal rests in the FTC's control over the tobacco industry. The facts on which Defendants rely relate to the FTC's control, and the industry has been well aware of such control since the early 1970s. Because this action was removable at its inception, Defendants could have filed their Notice of Removal within 30 days of their receipt of the initial pleading in 2000, but failed to do so.

In supplement, this Court need not consider the holding of the Honorable James M. Rosenbaum in the District of Minnesota cases, *Dahl, Curtis,* and *Thompson.* Judge Rosenbaum analyzed whether *Watson II* is an "order or other paper," but because this Court concludes that this case was removable in 2000, when it was filed, it does not reach the issues discussed by Judge Rosenbaum.[2]

---

[2] Judge Rosenbaum was persuaded by the reasoning of the Fifth Circuit in *Green v. R.J. Reynolds Tobacco Company,* 274 F.3d 263 (5th Cir. 2001), wherein the Court held that a decision in an unrelated case, involving the same defendants in a similar factual situation and legal issue, provided the basis for removal within 30 days of its receipt under § 1446(b).

The Fifth Circuit in *Green* adopted the narrow reasoning of the Third Circuit in *Doe v. American Red Cross,* 14 F.3d 196 (3rd Cir. 1993). In *Doe*, a number of state court suits were filed against the American Red Cross. The Red Cross removed the cases to federal court on the ground that its charter conferred federal jurisdiction over suits against it. The district court

## Conclusion

For the reasons set forth above, Defendants' Notice of Removal, filed on September 23, 2005, was not timely pursuant to 28 U.S.C. § 1446(b), and Plaintiffs are entitled to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [#5] is granted;

**IT IS FURTHER ORDERED** that this cause of action is remanded to the

---

disagreed and remanded the cases to state court. While the cases were pending, the Supreme Court decided another case involving the Red Cross, *American National Red Cross, v. S.G.,* 505 U.S. 247 (1992), holding that the "sue and be sued" provision of the Red Cross' charter conferred original federal jurisdiction over suits against it. *Id.* at 257. Within 30 days of the *S.G.* decision, the Red Cross removed the *Doe* cases again under § 1446(b). The Third Circuit held that because the Red Cross was the critical party in *S.G.* and it filed a notice of removal within thirty days after receiving an order of the Court, it was authorized under § 1446(b) to file for re-removal. The *Doe* court held that the *S.G.* opinion qualified as an "order" under § 1446(b) but explicitly limited its holding to the situation where the same party was a defendant in both cases, involving similar factual situations, and the order expressly authorized removal. The court also explicitly declined to decide whether the *S.G.* opinion constituted "other paper" under 1446(b).

Plaintiffs observe that *Green* has a "fatal distinction" because the defendants there were also parties to the intervening judicial decisions that triggered the removal, while in this case, Defendant R.J. Reynolds was not a party in *Watson II*. Defendants argue that the distinction does not undermine the applicability of *Green* (or *Doe*) because *Watson II* is a decision which involves a defendant in the same industry, subject to the same direction and control by the same federal officer, and faced with a virtually indistinguishable complaint. *Green and Doe* are distinguishable from the instant case, however, because the defendants in *Watson II* and *Collora* are not the same, and federal jurisdiction should not be extended beyond the narrow reasoning of the Fifth and Third Circuits. *Nichols v. Harbor Venture, Inc.,* 284 F.3d 85, 861 (8th Cir. 2002) (federal removal jurisdiction requires strict construction of the legislation permitting removal).

Missouri Circuit Court of the City of St. Louis.

Dated this 18th day of April, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE